**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
**KATHLEEN KENEALY,** Chief Assistant City Attorney (SBN 212289)
**CORY M. BRENTE**, Senior Assistant City Attorney (SBN 115453)
**CHRISTIAN R. BOJORQUEZ,** Deputy City Attorney (SBN 192872)
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel:  (213) 978-7023   |   Fax:  (213) 978-8785
Email: christian.bojorquez@lacity.org

*Attorneys for Defendant* CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.B., by and through her Guardian ad litem, Nayelli Bautista and L.D., by and L.D., by and through his Guardian ad litem, Jasmin Trinidad, individually and as successors in interest to CARLOS DE ANDA, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, JOSE ARTEAGA MAYAN; KASSANDRA RODRIGUEZ; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 2:24-cv-07642 SVW (SSC)**<br>*Assigned to Hon. Stephen V. Wilson; Ctrm 10A*<br>*Mag. Stephanie Christenseni; Ctrm 790 (Roybal)*<br><br>**DEFENDANT CITY OF LOS ANGELES AND NAMED, BUT UNSERVED, DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL OFFICER BODY WORN VIDEO CLIPS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT** |

TO THE HONORABLE COURT, PLAINTIFFS AND THEIR COUNSEL:

Pursuant to Local Rule 79-5.2, Defendant CITY OF LOS ANGELES and named, but unserved, Defendants JOSE ARTEAGA MAYAN and KASSANDRA RODRIGUEZ hereby apply for an order to file under seal the following documents:

1. Exhibit 5 to the Declaration of Christian Bojorquez: A true and correct copy of Officer Mayan Body Worn Video 20.28.37;

1

     2.     Exhibit 5A to the Declaration of Christian Bojorquez: A true and correct copy of Officer Mayan Body Worn Video 20.28.37 (Slow Motion 0.4x);

     3.     Exhibit 9 to the Declaration of Christian Bojorquez: A true and correct copy of Officer Rodriguez BWV 20.34.15;

     4.     Exhibit 9A to the Declaration of Christian Bojorquez: A true and correct copy of Officer Rodriguez BWV 20.34.15 (Slow Motion 0.4x);

     5.     Exhibit 10 to the Declaration of Christian Bojorquez: A true and correct copy of Officer Rodriguez BWV Shooting to Recovery of Knife;

     6.     Exhibit 10A to the Declaration of Christian Bojorquez: A true and correct copy of Officer Rodriguez BWV Shooting to Recovery of Knife (Slow Motion 0.4x);

     7.     Exhibit 12 to the Declaration of Christian Bojorquez: A true and correct copy of Officer Morse BWV clip;

As more fully articulated in the Declaration of Christian Bojorquez, the parties entered into a Stipulated Protective Order, filed and entered by this Court on January 16, 2025 (Dkt. 31). The Protective Order states that documents may be designated as "confidential" if they constitute official records and information. The aforementioned exhibits are official records from the investigation maintained by the Los Angeles Police Department and were designated as confidential. Therefore, Defendant seeks leave to file these exhibits under seal. Under California and Federal law, criminal investigation records are by their nature confidential. California Evid. Code § 1040; *Jessup v. Superior Court of Santa Clara County*, 151 Cal.App.2d 102, 108 (1957) ("It is not only where a witness requests that his statement by kept in confidence, but in all cases of crime investigation that the record and reports are privileged."); *Youngblood v. Gates*, 112 F.R.D. 342, 345-347 (C.D. Cal. 1985). As such, good cause also exists to file the videos under seal.

Defendants recognize there is a strong presumption of access in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, this Application for seal pertains only to exhibits where there are compelling reasons to seal. California Evid. Code § 1040; *Jessup v. Superior Court of Santa Clara County*, 151 Cal.App.2d 102, 108 (1957) ("It is not only where a witness requests that his statement by kept in confidence, but in all cases of crime investigation that the record and reports are privileged."); *Youngblood v. Gates*, 112 F.R.D. 342, 345-347 (C.D. Cal. 1985). Additionally, these exhibits (all of which are videos or from a video) cannot be redacted. Moreover, as this is a case involving a constitutional challenge to officer conduct, it will likely be subject to greater public scrutiny. As such, the protection of witnesses and the involved officers is important to a fair review of the evidence and security of those involved. Officers involved in alleged violation of constitutional rights often receive harsh public criticism and even death threats after videos are shown publicly. While disclosure not only may present a serious threat to an officer's personal life, the defendant officers are also entitled to an fair and unbiased analysis of the evidence of their actions in this case, which further public disclosure can jeopardize. Consequently, disclosure of these records and videos is highly likely to "result in the improper use of the material for scandalous . . . purposes" and therefore should not be publicly disclosed. Foltz, 331 F.3d at 1135, quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995). Accordingly, good cause and compelling reasons exist in order to best preserve the evidence and protect the witnesses and individuals involved in this incident.

/ / /

/ / /

/ / /

/ / /

For these reasons, Defendant and named, but unserved, Defendants respectfully request the Court grant this Application and that the above-referenced exhibits be filed under seal, pursuant to Local Rule 79-5.2.

DATED: March 15, 2025   HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Assist City Attorney
CORY M. BRENTE, Senior Assistant City Attorney

By: /s/ *Christian R. Bojojrquez*
CHRISTIAN R. BOJORQUEZ, Deputy City Attyorney
*Attorneys for Defendant* CITY OF LOS ANGELES