# EXHIBIT G

CALIFORNIA COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING

# Basic Course Workbook Series

## Student Materials

**Learning Domain 20**
**Use of Force/Deescalation**
**Version 5.4**

**Basic Course Workbook Series**
**Student Materials**
**Learning Domain 20**
**Use of Force/Deescalation**
**Version 5.4**

© Copyright 2005
California Commission on Peace Officer Standards and Training (POST)
All rights reserved.

Published 1998
Revised July 2005
Revised February 2006
Correction September 2008
Correction February 4, 2009
Revised June 2009
Correction February 2015
Revised January 2018
Correction April 2018
Revised October 2018
Revised December 2019
Revised April 2020
Updated April 2021

This publication may not be reproduced, in whole or in part, in any form or by any means electronic or mechanical or by any information storage and retrieval system now known or hereafter invented, without prior written permission of the California Commission on Peace Officer Standards and Training, with the following exception:

California law enforcement or dispatch agencies in the POST program, POST-certified training presenters, and presenters and students of the California basic course instructional system are allowed to copy this publication for non-commercial use.

All other individuals, private businesses and corporations, public and private agencies and colleges, professional associations, and non-POST law enforcement agencies in-state or out-of-state may purchase copies of this publication, at cost, from POST as listed below:

From POST's Web Site:
**www.post.ca.gov**
Go to Ordering Student Workbooks

## Considerations Regarding the Use of Deadly Force, Continued

**Use of deadly force in defense of human life**

The decision to use deadly force to defend against an imminent threat of death or serious bodily injury to the officer or to another person is guided by federal case law and California state law.

**Federal Case Law**

In 1989, the United States Supreme Court decided the case of *Graham v. Connor*, 490 U.S. 386, (1989), which established that a peace officer's use of force, under the Fourth Amendment, would be judged using the "objective reasonableness" standard.

The Court noted that determining the objective reasonableness for the use of force must be fact specific, based on the totality of the circumstances confronting the officer at the time that the force is used. The determination of reasonableness must allow for the fact that peace officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving.

Established Graham factors to guide officers in determining if a use of force is objectively reasonable:

- whether the suspect posed an immediate threat to the safety of the officers or others
- the severity of the crime at issue
- whether the suspect was actively resisting arrest
- whether the suspect was attempting to evade arrest by flight split-second judgments during circumstances that are tense, uncertain, and rapidly evolving.

**California State Law**

*California Penal Code Section 835a* states in part:
Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use objectively reasonable force to effect the arrest, to prevent escape, or to overcome resistance. (*Penal Code Section 835a(b)*)

A peace officer is justified in using deadly force upon another person only when the officer reasonably believes, based on the totality of the circumstances, that such force is necessary… to defend against an imminent threat of death or serious bodily injury to the officer or to another person. (*Penal Code Section 835a(c)(1)(A)*)

*Continued on next page*

## Considerations Regarding the Use of Deadly Force, Continued

**Related terms**

**Serious bodily harm or injury** means a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness, concussion, bone fracture, protracted loss or impairment of function of any bodily member or organ, a wound requiring extensive suturing, and serious disfigurement. *(Penal Code Section 243(f)(4))*

**Deadly force** means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm. *(Penal Code Section 835a(e)(1))*

**Imminent** means: a threat of death or serious injury is "imminent" when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed. *(Penal Code Section 835a(e)(2))*

**Totality of the Circumstances** means all facts known to the peace officer at the time, including the conduct of the officer and the subject leading up to the use of deadly force. *(Penal Code Section 835a(e)(3))*

NOTE:   *Penal Code Section 835a* prescribes the circumstances under which a peace officer is authorized to use deadly force to effect an arrest, to precent escape, or to overcome resistance. In determining whether deadly force is necessary, officers shall evaluate each situation in light of the particular circumstances of each case and shall use other available resources and techniques if reasonably safe and feasible to an objectively reasonable officer. *(Penal Code Section 835a(a)(2)).*

*Continued on next page*