# EXHIBIT H



# LOS ANGELES POLICE DEPARTMENT
# USE OF FORCE DIRECTIVE

UOF Directive No. 1                        September 2023

## USE OF FORCE

### PURPOSE

The purpose of this Directive is to provide Department personnel with a Use of Force policy that is concise, easily understood, and consistent with prevailing legislation and law enforcement best practices.

### PREAMBLE

The use of force by members of law enforcement is a matter of critical concern both to the public and the law enforcement community. It is recognized that some individuals will not comply with the law or submit to control unless compelled to do so by the use of force; therefore, law enforcement officers are sometimes called upon to use force in the performance of their duties. It is also recognized that members of law enforcement derive their authority from the public and therefore must be ever mindful that they are not only the guardians, but also the servants of the public.

The Department's guiding principle when using force shall be reverence for human life. Officers shall attempt to control an incident by using time, distance, communication, and available resources in an effort to de-escalate the situation, whenever it is safe, feasible and reasonable to do so. When warranted, Department personnel may use objectively reasonable force to carry out their duties. Officers may use deadly force only when they reasonably believe, based on the totality of circumstances, that such force is necessary in defense of human life. Officers who use unreasonable force degrade the confidence of the community we serve, expose the Department and fellow officers to physical hazards, violate the law and rights of individuals upon whom unreasonable force or unnecessary deadly force is used, and subject the Department and themselves to potential civil and criminal liability. Conversely, officers who fail to use force when warranted may endanger themselves, the community, and fellow officers.

### POLICY

**Use of De-Escalation Techniques**

It is the policy of this Department that, whenever feasible, officers shall use techniques and tools consistent with Department de-escalation training to reduce the intensity of any

CITY   001321

Use of Force Directive No. 1
Use of Force
Page 2

encounter with a suspect and enable an officer to have additional options to mitigate the need to use a higher level of force while maintaining control of the situation.

**Verbal Warnings**

Where feasible, a peace officer shall, prior to the use of *any* force, make reasonable efforts to identify themselves as a peace officer and to warn that force may be used, unless the officer has objectively reasonable grounds to believe that the person is aware of those facts.

**Proportionality**

Officers may only use a level of force that they reasonably believe is proportional to the seriousness of the suspected offense or the reasonably perceived level of actual or threatened resistance.

**Fair and Unbiased Policing**

Officers shall carry out their duties, including use of force, in a manner that is fair and unbiased. Discriminatory conduct on the basis of race, religion, color, ethnicity, national origin, age, gender, gender identity, gender expression, sexual orientation, housing status, or disability while performing any law enforcement activity is prohibited.

**Use of Force – Non-Deadly**

It is the policy of this Department that personnel may use only that force which is "objectively reasonable" to:

- Defend themselves;
- Defend others;
- Effect an arrest or detention;
- Prevent escape; or,
- Overcome resistance.

**Factors Used to Determine Reasonableness**

Pursuant to the opinion issued by the United States Supreme Court in *Graham v. Connor*, the Department examines the reasonableness of any particular force used:

1) From the perspective of a reasonable Los Angeles Police Officer with similar training and experience, in the same situation; and,
2) Based on the facts and circumstances of each particular case. Those factors may include, but are not limited to:

    - The feasibility of using de-escalation tactics, crisis intervention, or other alternatives to force;

Use of Force Directive No. 1
Use of Force
Page 3

- The seriousness of the crime or suspected offense;
- The level of threat or resistance presented by the subject;
- Whether the subject was posing an immediate threat to officers or a danger to the community;
- The potential for injury to citizens, officers, or subjects;
- The risk or apparent attempt by the subject to escape;
- The conduct of the subject being confronted (as reasonably perceived by the officer at the time);
- The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be reasonable;
- The availability of other resources;
- The training and experience of the officer;
- The proximity or access of weapons to the subject;
- Officer versus subject factors such as age, size, relative strength, skill level, injury/exhaustion, and number of officers versus subjects;
- The environmental factors and/or other exigent circumstances; and,
- Whether a person is a member of a vulnerable population.

**Intermediate Force Options**

Use of an Electronic Control Device (e.g., TASER), Impact Device (e.g., Baton), Kinetic Energy Projectile (e.g., Beanbag Shotgun, 40mm Less-Lethal Launcher, FN 303 Less-Lethal Launcher), or certain Chemical Agents (e.g., Oleoresin Capsicum) is an appropriate force option when an officer reasonably believes either of the following:

- There is an immediate threat to the safety of the officers or others; or,
- If the threat is not immediately addressed, there is an articulable risk the incident could escalate to the use of deadly force.

Intermediate force options should not be used on a suspect or subject who is believed to be unarmed, and, is passively resisting or merely failing to comply with commands. Verbal threats of violence alone do not justify the use of an intermediate force option.

The Department uses the objectively reasonable standard and the totality of the circumstances when evaluating the reasonableness of the force used, which includes the number of times a particular force option was utilized. If the force option being utilized appears to be ineffective, Department personnel should consider transitioning to another, potentially more effective force option or tactic.

**Drawing or Exhibiting Firearms**

Unnecessarily or prematurely drawing or exhibiting a firearm limits an officer's alternatives in controlling a situation, creates unnecessary anxiety on the part of citizens, and may result in an unwarranted or accidental discharge of the firearm. Officers shall not draw or exhibit a firearm unless the circumstances surrounding the incident create a reasonable belief that it may be necessary to use the firearm. Moreover, any intentional pointing of

CITY   001323

Use of Force Directive No. 1
Use of Force
Page 4

a firearm at a person by an officer shall be reported. Such reporting will be published in the Department's year-end use of force report.

When an officer has determined that the use of deadly force is not necessary, the officer shall, as soon as practicable, secure or holster the firearm. Any drawing and exhibiting of a firearm shall conform with this policy on the use of firearms.

**Use of Force – Deadly**

It is the policy of this Department that officers shall use deadly force upon another person only when the officer reasonably believes, based on the totality of circumstances, that such force is necessary for either of the following reasons:

- To defend against an imminent threat of death or serious bodily injury to the officer or to another person; or,
- To apprehend a fleeing person for any felony that threatened or resulted in death or serious bodily injury, if the officer reasonably believes that the person will cause death or serious bodily injury to another unless immediately apprehended.

In determining whether deadly force is necessary, officers shall evaluate each situation in light of the particular circumstances of each case and shall use other available resources and techniques if reasonably safe and feasible. Before discharging a firearm, officers shall consider their surroundings, background, and potential risk to bystanders to the extent reasonable under the circumstances.

> **Note:** Because the application of deadly force is limited to the above scenarios, an officer shall not use deadly force against a person based on the danger that person poses to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the officer or another person.

**Department's Evaluation of Deadly Force**

The Department will analyze an officer's use of deadly force by evaluating the totality of the circumstances of each case consistent with California Penal Code Section 835a as well as the factors articulated in Graham v. Connor.

**Rendering Aid**

After any use of force, officers shall immediately request a rescue ambulance for any person injured. In addition, officers shall promptly provide basic and emergency medical assistance to all members of the community, including victims, witnesses, subjects, suspects, persons in custody, subjects of a use of force, and fellow officers:

- To the extent of the officer's training and experience in first aid, cardiopulmonary resuscitation, and automated external defibrillator; and,
- To the level of equipment available to an officer at the time assistance is needed.

Use of Force Directive No. 1
Use of Force
Page 5

### Warning Shots

Warning shots shall only be used in exceptional circumstances where it might reasonably be expected to avoid the need to use deadly force. Generally, warning shots shall be directed in a manner that minimizes the risk of injury to innocent persons, ricochet dangers, and property damage.

### Shooting at or From Moving Vehicles

Firearms shall not be discharged at a moving vehicle unless a person in the vehicle is immediately threatening the officer or another person with deadly force by means other than the vehicle. The moving vehicle itself shall not presumptively constitute a threat that justifies an officer's use of deadly force.

An officer threatened by an oncoming vehicle shall move out of its path instead of discharging a firearm at it or any of its occupants. Firearms shall not be discharged from a moving vehicle, except in exigent circumstances and consistent with the policy regarding the use of deadly force. The driver of a vehicle should not draw their weapon while operating a moving vehicle; the drawing of a weapon while operating a moving vehicle is unsafe for both officers and the community. If an officer determines that it is necessary to draw their firearm while operating a vehicle, it should be to address an imminent threat and conform to the Department's policy on drawing and exhibiting firearms.

> **Note:** It is understood that the policy in regard to discharging a firearm at or from a moving vehicle may not cover every situation that may arise. In all situations, Department members are expected to act with intelligence and exercise sound judgment, attending to the spirit of this policy. Any deviations from the provisions of this policy shall be examined rigorously on a case by case basis. The involved officer must be able to clearly articulate the reasons for the use of deadly force. Factors that may be considered include whether the officer's life or the lives of others were in immediate peril and there was no reasonable or apparent means of escape.

### Requirement to Intercede When Excessive Force is Observed

An officer shall intercede when present and observing another officer using force that is clearly beyond that which is necessary, as determined by an objectively reasonable officer under the circumstances, taking into account the possibility that other officers may have additional information regarding the threat posed by a subject.

> **Note**: For the purposes of this section, "intercede" includes, but is not limited to, physically stopping the excessive force (when safe and reasonable to do so) and recording the excessive force, if equipped with a body worn video (BWV) camera. Officers shall attempt to document on BWV the efforts to intervene, efforts to de-escalate the excessive use of force, and confronting the offending officer about the excessive force during the use of force. If the offending officer continues to use

CITY 001325

Use of Force Directive No. 1
Use of Force
Page 6

excessive force, the witnessing officer shall immediately report the excessive force to a superior officer.

Any officer who has received all required training on the requirement to intercede and fails to do so when excessive force is observed as described above shall be subject to discipline up to and including in the same manner as the officer who committed the excessive force.

**Requirement to Report Potential Excessive Force**

An officer who is present and observes another officer using force that the present and observing officer believes to be beyond that which is necessary, as determined by an objectively reasonable officer under the circumstances based upon the totality of information actually known to the officer [as delineated in California Penal Code Section 835a], shall immediately report such force to a superior officer.

An officer who has a sustained excessive force complaint shall be prohibited from training other officers for a period of at least three years from the date that the complaint was sustained.

**Retaliation for Reporting Potential Excessive Force or Violation of Any Law or Regulation**

Retaliation for reporting potential excessive force or violation of any law or regulation by any employee of this Department is strictly prohibited, shall be reported immediately, and is considered to be serious misconduct.

**DEFINITIONS**

**Deadly Force.** Deadly Force is defined as that force which creates a substantial risk of causing death or serious bodily injury, including but not limited to, the discharge of a firearm.

**Excessive Force.** Excessive Force means a level of force that is found to have violated Section 835a of the California Penal Code or the requirements of any other law or statute.

**Feasible.** Feasible means reasonably capable of being done or carried out under the circumstances to successfully achieve the arrest or lawful objective without increasing risk to the officer or another person.

**Imminent.** Pursuant to California Penal Code Section 835a(e)(2), "[A] threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great to likelihood of the

CITY   001326

Use of Force Directive No. 1
Use of Force
Page 7

harm, but is one that, from appearances, must be instantly confronted and addressed."

**Intercede.** Intercede includes, but is not limited to, physically stopping the excessive force (when safe and reasonable to do so) and recording the excessive force, if equipped with a BWV camera.

**Necessary.** In addition to California Penal Code 835a, the Department shall evaluate whether deadly force was necessary by looking at: a) the totality of the circumstances from the perspective of a reasonable Los Angeles Police Officer with similar training and experience; b) the factors used to evaluate whether force is objectively reasonable; c) an evaluation of whether the officer exhausted the available and feasible alternative to deadly force; and, d) whether a warning was feasible and/or given.

**Objectively Reasonable.** The legal standard used to determine the lawfulness of a use of force is the Fourth Amendment to the United States Constitution. See *Graham v. Connor*, 490 U.S. 386 (1989). Graham states in part, "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation. The test of reasonableness is not capable of precise definition or mechanical application." The force must be reasonable under the circumstances known to or reasonably believed by the officer at the time the force was used. Therefore, the Department examines all uses of force from an objective standard, rather than a subjective standard.

**Retaliation.** Retaliation means demotion, failure to promote to a higher position when warranted by merit, denial of access to training and professional development opportunities, denial of access to resources necessary for an officer to properly perform their duties, or intimidation, harassment, or threat of injury while on or off-duty.

**Serious Bodily Injury.** Pursuant to California Penal Code Section 243(f)(4) defines Serious Bodily Injury as including, but not limited to:

- Loss of consciousness;
- Concussion;
- Bone fracture;
- Protracted loss or impairment of function of any bodily member or organ;
- A wound requiring extensive suturing; and,
- Serious disfigurement.

**Totality of the Circumstances.** All facts known to or reasonably perceived by the officer at the time, including the conduct of the officer and the subject leading up to the use of force.

Use of Force Directive No. 1
Use of Force
Page 8

**Vulnerable Populations.** Vulnerable populations include, but are not limited to, persons who are known to be: under 12 years of age, elderly, pregnant, visibly frail, or people with physical, mental, or developmental disabilities.

**Warning Shots.** The intentional discharge of a firearm off target, not intended to hit a person, to warn others that deadly force is imminent.

---

**Important Reminder**

Deviation from these basic concepts sometimes occurs due to the fluid and rapidly evolving nature of law enforcement encounters and the environment in which they occur. Deviations may range from minor, typically procedural or technical, to substantial deviations from Department tactical training. Any deviations are to be explained by the involved officer(s), and justification for substantial deviation from Department tactical training shall be articulated and must meet the objectively reasonable standard of the Department's Use of Force Policy.

---

**AMENDMENTS**

This Directive cancels and supersedes Use of Force-Tactics Directive No. 1.3, Use of Force Policy - Revised, August 2022.

MICHEL R. MOORE
Chief of Police

DISTRIBUTION "A"

CITY  001328