**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
 *dalekgalipo@yahoo.com*
Marcel F. Sincich, Esq (SBN 319508)
 *msincich@galipolaw.com*
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.B., by and through her Guardian ad litem, Nayelli Bautista; and L.D., by and through his Guardian ad litem, Jasmin Trinidad, individually and as successors in interest to CARLOS DE ANDA, deceased,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>CITY OF LOS ANGELES; JOSE ARTEAGA MAYAN; KASSANDRA RODRIGUEZ; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:24-cv-07642-SVW-SSC<br><br>Assigned to:<br>Hon. District Judge Stephen V. Wilson<br>Hon. Mag. Judge Stephanie S. Christensen<br><br>**LOCAL RULE 79-5.2.2(b) DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL EXHIBITS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Application for Leave to File Under Seal; Notice of Manuel Filing, and [Proposed] Order *filed concurrently herewith*]<br><br>Date:     April 28, 2025<br>Time:    1:30 p.m.<br>Ctrm:    10A |

-1-                                             Case No.: 2:24-cv-07642-SVW-SSC
DECLARATION OF MARCEL F. SINCICH

**DECLARATION OF MARCEL F. SINCICH**

I, Marcel F. Sincich, hereby declare as follows:

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for Plaintiffs in this instant action. I have personal knowledge of the matters stated herein and could and would testify competently thereto if called.

2. On March 14, 2025, well over three days prior to the filing of this application, Plaintiffs' counsel contacted Defendants' counsel, both by email and telephone. Plaintiffs' counsel and Defendants' counsel met and conferred by telephone regarding Plaintiffs' intention to file several exhibits that are subject to the Protective Order. Defendants' counsel informed Plaintiffs' counsel that Defendants would be requesting to file exhibits under seal, and that if the Court granted their request, Defendants would maintain the confidential designation of like exhibits, but if the Court denied Defendants' request to file under seal, that Defendants would waive the requirement for Plaintiffs to request to file exhibits under seal and instead allow Plaintiffs filing exhibits regularly.

3. On March 17, 2025, Defendants filed their Application for Leave to File Under Seal Officer Body-Worn Video Clips in Support of Defendants' Motion for Summary Judgment. (Doc. 44.) On March 26, 2025, the Court granted Defendants' Request to file under seal. (Doc. 51.)

4. Additionally, on March 26, 2025, Plaintiffs' counsel continued to meet and confer with Defendants' counsel in an attempt to resolve the issue of whether certain documents may be filed regularly or if a request to file under seal is still necessary. Plaintiffs suggested for Defendants to identify any specific confidential information or portions of documents that could be redacted to avoid having to file the entire document under seal. For several documents, the parties were able to reach an agreement and those will be filed regularly. For the documents that the parties could not reach an agreement, it is Plaintiffs understanding that the

1. Defendants position is that the documents themselves are part of a confidential investigation and must be maintained as confidential and would oppose Plaintiffs application for leave to file under seal provided that Plaintiffs are seeking an order to allow Plaintiffs authority to file regularly.

5. Plaintiffs file this application pursuant to L.R. 79-5.2.2(b) on an *ex parte* basis because these exhibits are necessary to Plaintiffs' Opposition to Defendants Motion for Summary Judgment (Doc. 42), and by the time Plaintiffs received Defendants' Motions and determined what exhibits to use in opposition, there was insufficient time in advance of the time to file an opposition to summary judgment for this application to be heard as a regularly noticed motion. Plaintiffs' Opposition is due on March 31, 2025.

6. Defendants are the "Designating Party," as defined by the Protective Order (Doc. 31), as Defendant City produced and designated all the subject documents as "Confidential" pursuant to the protective order.

7. Plaintiffs contend that video documents are not suitable for redaction because there has been no information pointed out to Plaintiffs within each video that requires protection of confidentiality and Plaintiffs do not wish to file redacted versions of the videos at issue. Further, record documents may be suitable for redaction, however, Defendants have not pointed out any specific line or portion of the documents that they believe require redacted. These documents include relevant portions of the use of force review by City officials, and videos and screenshots of videos of the incident, the entirety of which are relevant to Plaintiffs' Opposition to Summary Judgment related to Plaintiffs claims for Constitutional violations and *Monell* liability. Plaintiffs also do not believe that the documents themselves nor any information contained within are confidential (see descriptions below).

8. The following documents were designated as "Confidential" by the Defendants and are the subject of Plaintiffs' L.R. 79-5.2.2(b) application, and which

are to be attached to the Declaration of Marcel F. Sincich ("Sincich Decl") in support of Plaintiffs' Opposition to Summary Judgment:

    a.    "Exhibit E" to Sincich Decl: the August 26, 2024, Inspector General Correspondence to the Honorable Board of Police Commissioners ("BOPC"), signed by Acting Assistant Inspector General John Garner with Acting Inspector General Florence Yu, providing recommendations to the BOPC, produced by Defendants during discovery as CITY 001242-1307. This record contains Defendant City's investigation findings of the events in question—the officer involved shooting of Mr. De Anda.

    b.    "Exhibit J" to Sincich Decl: Defendant Officer Jose Arteaga Mayen Body-Worn Camera Video of the Officer-Involved Shooting Incident, produced by Defendant City during discovery as CITY 00049. This video shows Officer Mayen's contemporaneous perspective of the events in question—the officer involved shooting of Mr. De Anda.

    c.    "Exhibit K" to Sincich Decl: are merely screenshots of particular moments in the Officer Mayen's Body-Worn Camera Video of the Officer-Involved Shooting Incident to assist the Court in analyzing the evidence.

    d.    "Exhibit L" to Sincich Decl: Defendant Officer Kassandra Rodriguez's Body-Worn Camera Video of the Officer-Involved Shooting Incident, produced by Defendant City during discovery as CITY 00052. This video shows Officer Rodriguez's contemporaneous perspective of the events in question—the officer involved shooting of Mr. De Anda.

    e.    "Exhibit M" to Sincich Decl: are merely screenshots of particular moments in the Officer Rodriguez's Body-Worn Camera Video of the Officer-Involved Shooting Incident to assist the Court in analyzing the evidence.

    f.    "Exhibit Q" to Sincich Decl: a distance demonstrative that utilizes a diagram from Exhibit E.

9.     The documents listed above were all produced to Plaintiffs during discovery, and when they were produced, they were marked as confidential. The language of the Protective Order (Doc. 31) includes the burden of persuasion as to whether these documents are properly designated as confidential is on the designating party. Plaintiffs contend that the designations to these documents as confidential, which are all directly relevant to this civil rights action and necessary for the opposition of a dispositive motion, is not appropriate.

10.    In accordance with L.R. 79-5.2.2, a copy of this Declaration was served on Defendants' counsel, Deputy City Attorney Christian R. Bojorquez f the Los Angeles City Attorney's Office, on March 31, 2025.

11.    Attached hereto is a true and correct copy of proof of service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 31st day of March 2025.

                        /s/    *Marcel F. Sincich*
                               Marcel F. Sincich

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On March 31, 2025, I served the foregoing document described as: **LOCAL RULE 79-5.2.2(b) DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL EXHIBITS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

## METHOD OF SERVICE

☒ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☒ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 31, 2025, at Woodland Hills, California.

_____
Alejandro Monguia

-6-   Case No.: 2:24-cv-07642-SVW-SSC
DECLARATION OF MARCEL F. SINCICH

<u>SERVICE LIST</u>

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney
CORY M. BRENTE, Senior Assistant City Attorney (SBN 115453)
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney (SBN 192872)
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Email: christian.bojorquez@lacity.org

*Attorneys for Defendants*