```
 1              UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                      --oOo--

 4

 5  M.B., by and through her Guardian ad
    litem, Nayelli Bautista and L.D., by
 6  and through his Guardian ad litem,
    Jasmin Trinidad, individually
 7  and as successors in interest to
    CARLOS DE ANDA, deceased.
 8
          Plaintiff,
 9
    v.              Case No.  2:24-cv-07642-SVW-SSC
10
    CITY OF LOS ANGELES;
11  JOSE ARTEAGA MAYEN; KASSANDRA
    RODRIGUEZ; and DOES 3-10, inclusive,
12
          Defendants.
13  _____/

14

15      STENOGRAPHIC REPORTER'S TRANSCRIPT OF

16        DEPOSITION OF JOSE ARTEAGA MAYEN

17            FRIDAY, FEBRUARY 7, 2025

18

19

20  Reported Stenographically by:

21  KIMBERLY D'URSO, CSR 11372, RPR

22  Job No.  00135196

23

24

25
```

M.B. vs CITY OF LOS ANGELES, ET AL.
Jose Arteaga Mayen on 02/07/2025

Page 4

```
 1                        --oOo--

 2           BE IT REMEMBERED, that set on Friday, the

 3   7th day of February, 2025, commencing at the hour of

 4   10:05 a.m., thereof, JOSE ARTEAGA MAYEN appeared remotely

 5   in Los Angeles, California, before me, Kimberly E.

 6   D'Urso, an RPR and Certified Shorthand Reporter of the

 7   State of California, the following deposition was

 8   stenographically reported by me:

 9             (Whereby the Certified Shorthand Reporter

10              introduced herself on the record and

11              administered the oath to the deponent.)

12

13                      EXAMINATION

14   BY MR. SINCICH:

15       Q.   Thank you.  Good morning, Officer.  Could you

16   please state and spell your name for the record?

17       A.   Yes.  My name is Jose, J-O-S-E; Arteaga,

18   A-R-T-E-A-G-A; Mayen, M-A-Y-E-N.

19       Q.   Okay.  Have you had your deposition taken

20   before?

21       A.   I have not, sir.

22       Q.   Have you testified in court before?

23       A.   I have not.

24       Q.   Okay.  Do you understand that you just took an

25   oath to tell the truth today?
```

1  last resort.

2         But if that person decides that he's going to

3  charge at us or put my life or the life of others in

4  danger, then he made that choice for us to use that --

5  that level of force.

6  BY MR. SINCICH:

7     Q.  Okay.  Is it fair to say that the reason you

8  used deadly force in this instance is because

9  Mr. De Anda was armed with a knife and that he was moving

10 fast in your direction?  Is that -- is that what I

11 understand the reason why you used deadly force?

12        MR. BOJORQUEZ:  Objection.  I think it

13 completely misstates the witness's prior testimony.

14 BY MR. SINCICH:

15    Q.  You can answer.

16    A.  The reason we used deadly force was because he

17 posed a threat to myself, to my partners, and he was

18 armed with a knife.

19    Q.  Oh, so let me rephrase it a little bit.  And

20 I'm just asking about why you used deadly force, not

21 anybody else.

22        Is it fair to say that you used deadly force

23 because you believed that he was a threat?

24        MR. BOJORQUEZ:  Well, objection.  It's vague

25 and ambiguous as to the term quote, unquote, "threat,"

Page 129

1  will shoot him.  But I did tell him multiple times to
2  drop the knife --
3         (Reporter clarification.)
4         THE WITNESS:  -- and I believe that a
5  reasonable person would have dropped the knife if they
6  see that two officers have guns pointed at them.
7  BY MR. SINCICH:
8     Q.   And is there a reason why you did not re-deploy
9  to cover behind the vehicles?
10    A.   If I would have re-deployed, I would have
11 covered Officer Rodriguez, and I would have been put in
12 a situation where I was not able to take a shot.
13    Q.   Is it fair to say that because of Officer
14 Rodriguez's position, you could not move to cover?
15    A.   No.  That's not -- that's not accurate.  Due to
16 the fact she had to hold a position just because De Anda
17 was charging in her direction.
18    Q.   Why do you believe that she had to hold her
19 position?
20    A.   If she would have moved, De Anda could have
21 exited our containment, and as I mentioned earlier, put
22 the lives of other people that were standing by in the
23 parking lot structure and across the street in danger,
24 and we would have been in a -- in a situation where he
25 was running free with a knife and could have potentially

Page 133

```
 1  STATE OF CALIFORNIA)
                       ) ss:
 2  COUNTY OF ALAMEDA  )

 3
              I, KIMBERLY E. D'URSO, do hereby certify:
 4

 5            That the witness named in the foregoing

 6  deposition was present remotely and duly sworn to testify

 7  to the truth in the within-entitled action on the day and

 8  date and at the time and place therein specified;

 9            That the testimony of said witness was reported

10  by me in shorthand and was thereafter transcribed through

11  computer-aided transcription;

12            That the foregoing constitutes a full, true and

13  correct transcript of said deposition and of the

14  proceedings which took place;

15            Further, that if the foregoing pertains to the

16  original transcript of a deposition in a federal case,

17  before completion of the proceedings, review of the

18  transcript [ ] was [ ] was not requested.

19            That I am a certified stenographic reporter and

20  a disinterested person to the said action;

21            IN WITNESS WHEREOF, I have hereunder subscribed

22  my hand this 21st day of February, 2025.

23  _____

24  KIMBERLY D'URSO, CSR NO. 11372, RPR

25
```